**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEIRIANTO, a.k.a. Chen Ce Ming, | No. 08-72309 |
| Petitioner, | Agency No. A072-690-664 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:      FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Weirianto, a native and citizen of Indonesia, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny the petition for review.

Weirianto does not challenge the agency's finding that he failed to timely file his asylum application or demonstrate that he qualifies for an exception to the time bar.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).  Accordingly, his asylum claim fails.

Substantial evidence supports the agency's finding that the incident where two individuals smashed Weirianto's car window, injuring his hand, does not constitute persecution.  *See Wakkary*, 558 F.3d at 1059-60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats and one incident of physical violence did not compel a finding of past persecution).  Substantial evidence also supports the agency's conclusion that Weirianto failed to demonstrate a clear probability of future persecution, because even under a disfavored group analysis, he hasn't shown a sufficient individualized risk of harm.  *See Hoxha,* 319 F.3d at 1184-85; *Wakkary*, 558 F.3d at 1059-60 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk

evidence to prevail than would an asylum applicant"). Accordingly, Weirianto's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**